**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph BELLO, Defendant-Appellant.**

**No. 75–4008.**

United States Court of Appeals,
Fifth Circuit.

May 27, 1976.

Rehearing Denied June 25, 1976.

Robert S. McCain, Ft. Lauderdale, Fla., (Court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Grafton B. Wilson, II, Don R. Boswell, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before WISDOM and MORGAN, Circuit Judges, and LYNNE, District Judge.

PER CURIAM:

Joseph Bello was found guilty by a jury of five counts of possession and distribution of cocaine. The convictions were based primarily on the testimony of two agents of the Drug Enforcement Administration, Peter Menedis and Billie Joe Church.

Menedis testified that he twice purchased cocaine from Ronald Eppinger, who told him the drugs came from Bello. After the second sale had taken place in Eppinger's apartment, Bello entered and Eppinger gave him most of the money he had just collected for the drugs. Menedis testified that Bello then told him that he could deliver larger quantities of cocaine in the future because he had good connections in South America. Church testified that he was present during the first cocaine sale and that Eppinger had said that his source of cocaine was Bello, who made biweekly trips to South America to purchase large quantities of the drug.

Bello testified that the money he received in Eppinger's apartment was a partial payment of a debt and that there were legitimate business purposes for his frequent trips to South America. Bello attempted to corroborate the latter testimony by taking depositions of his business associates in South America. This attempt was aborted, however, by the district court's denial of his Fed.R.Crim.P. 15(a) motion for leave to take the depositions and his Rule 15(c) motion for an order requiring the government to pay for the taking of the depositions. He now contends that these two rulings constitute reversible error.

Rule 15(a), as amended in 1974, provides: Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition . . . . .

The Advisory Committee Notes state that an order permitting the taking of depositions is "made in the exercise of discretion" of the trial judge and that the phrase, "whenever due to exceptional circumstances of the case it is in the interest of justice", "is intended to make clear that the decision by the court as to whether to order the taking of a deposition shall be made in the context of the circumstances of the particular case".

In the case before us, the evidence of guilt is so overwhelming that we find it improbable if not impossible to conclude that the testimony of the South American business associates would have had a significant impact on the jury verdict. Depositions indicating that Bello had legitimate business purposes for his trips would not contradict the substantial evidence that Bello was a participant in the two cocaine transactions at issue in this case. Nor would those depositions be inconsistent with the testimony that Bello purchased cocaine during his frequent trips to South America. In the context of this case, we cannot say that "exceptional circumstances" or "the interest of justice" compel a holding that the district court abused its discretion by denying the motion for leave to take depositions.

This disposition of the Rule 15(a) issue renders moot the appeal of the district court's denial of the Rule 15(c) motion. Moreover, the evidence summarized above is sufficient to support the jury's guilty verdict. We reject Bello's appeal of the district court's denial of his motion for a

directed verdict. The decision of the district court is AFFIRMED.