**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Cosme de LUNA, Jr., Defendant-Appellant.**

No. 86–2473

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 7, 1987.

Roberto J. Flores, (Court-appointed), McAllen, Tex., for defendant-appellant.

Susan L. Yarbrough, James R. Gough, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, RUBIN, and JOLLY, Circuit Judges.

GEE, Circuit Judge:

This singular appeal from a conviction of possessing twenty-two hundred pounds of marijuana with intent to distribute it presents two conflicting points of error only. In one, de Luna asserts that the evidence was insufficient to support the jury verdict that he knowingly possessed the drug; in the other, he asserts that because the evidence clearly established his knowing possession of the drug, it was reversible error to charge the jury on deliberate ignorance. A juxtaposition of such contentions trifles with the Court. We sit to entertain serious contentions of error by those convicted of crimes; these are frivolous.

### Facts

About this time last year, Border Patrol agents at the Falfurrias, Texas, checkpoint were advised by the Drug Enforcement Administration that a maroon freightliner truck labelled "Welsh" on the side door and pulling a white utility trailer would be carrying contraband north. It arrived early the next morning, driven by de Luna, who declared himself the truck owner and his cargo a load of cabbage. As the agents' search moved from the back to the front of the trailer, de Luna's self-possession failed him and he began to shake. Beneath the sacks of cabbage, the agents found the marijuana. After receiving *Miranda* warnings, de Luna gave a statement confessing that he had agreed to drive the

drug to California. His contact in Edinburg, Texas, a man he met in a bar, gave him $3,000 and directed him to buy a load of cabbage, park the truck at a designated spot, and pick it up two days later for the run west. He was promised $15,000 for this service.[1]

At trial, however, de Luna testified that he knew nothing of any marijuana in the truck, denying that he made the inculpatory statements after his arrest. On cross-examination, he claimed that he did not own the truck, but had merely borrowed it from a friend whose last name he did not know, and that he had borrowed money to buy the cabbage from yet another person. He was unable to account for the willingness of his employer to pay ten or fifteen thousand dollars for a trucking job that would ordinarily pay about one thousand, nor could he state where he was to deliver the cabbage. A jury wasted little time in convicting him.

### The Appeal

On appeal, he advances two conflicting contentions that are about equally lacking in merit: First, he contends that the evidence was insufficient either to establish his knowledge that the trailer contained marijuana or that he knowingly exercised control over the drug; second, he asserts that the trial court should not have given the jury a so-called "deliberate ignorance" instruction, because, to quote his brief on appeal to us, "the evidence, view [sic] in the light most favorable to the Government [as, of course, it must be on this appeal, *Glasser v. United States*, 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680] (1942)] shows knowledge of the marijuana." Appellant's Brief, p. 12.

### Analysis

■ The first contention need not detain us long. Suffice it to say that the evidence which we have described above is most graciously sufficient to support the verdict of conviction. Indeed, we are constrained to agree with the trial court's observations, made in the course of denying de Luna's motion for instructed verdict, that

If I were to grant this motion, I would either be removed from office as incompetent or placed in a lunatic asylum. The defendant was driving a vehicle containing two-thousand pounds of marihuana. He has also given, according to two witnesses, his statement incriminating himself. And the amount of marihuana there can only be considered [as intended] for ... distribution. Preferring to keep my job, I will overrule the motion.

■ The second contention fares little better. One is in a state of "deliberate ignorance" when he has good and sufficient reason to believe that a condition exists, but deliberately avoids learning of it explicitly, saying, in effect, "Don't tell me, I don't want to know." In this case, de Luna's testimonial denial of knowledge of the drug's presence, taken together with his repudiation of his inculpatory post-arrest statements and his far-fetched claims to have "rented" the truck from a "friend" whose last name he could not recall, of having left the truck running at a truck stop for two days so that he could visit with his son, and the like, clearly support the giving of the charge.

Neither claim for reversal possesses arguable merit. The judgment is

AFFIRMED.

---

1. At trial he testified to a $10,000 fee promised him to deliver the cabbage.