UNITED STATES of America,
Plaintiff–Appellee,

v.

Ignacio FARFAN–CARREON,
Defendant–Appellant.

No. 90–8370.

United States Court of Appeals,
Fifth Circuit.

June 27, 1991.

Robert F. Castanoda, Asst. Federal Public Defender, and Lucien B. Campbell, Federal Public Defender, El Paso, Tex., for defendant-appellant.

Bill Baumann, LeRoy M. Jahn, Asst. U.S. Attys., and Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before HIGGINBOTHAM and DUHÉ, Circuit Judges.[1]

DUHÉ, Circuit Judge:

The appellant Ignacio Farfan–Carreon challenges his conviction for possession of marijuana with intent to distribute and importation of marijuana, arguing that the evidence is insufficient to sustain his conviction, and that the trial court improperly instructed the jury. He also contends that the district court erred in denying his mo-

---

1. Judge Alvin B. Rubin was a member of the original panel but died on June 11, 1991 before this decision was rendered. This matter is being decided by a quorum. 28 U.S.C. § 46(d).

tion, pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure, to take the deposition of an unavailable witness. Because we agree that Ignacio made an adequate showing under the rule, we reverse and remand.

### Facts and District Court Proceedings

Farfan, a taxi driver, attempted to drive a pickup truck bearing Texas license plates across the U.S. border near El Paso. When stopped at the checkpoint, he presented the border patrol agent with his credentials, indicating to the agent that he was bringing nothing across the border. When the agent stepped to the rear of the truck to inspect its bed, he noted what he perceived to be an irregularity in the position of the bumper. Suspecting the bumper concealed a hidden compartment, the agent questioned Farfan, who informed him that he was driving his friend's truck across the border to purchase auto parts. A search of the truck confirmed the agent's suspicions: 324 pounds of marijuana were discovered in a cleverly disguised compartment.

Later that day, Farfan admitted that he had fabricated his original story regarding the auto parts. He told the agents that he had been approached by a man known to him as "Pilingas" earlier that day at his taxi stand. Farfan admitted that Pilingas, whose real name was Jorge Contreras, had a questionable reputation, and was a reputed alien smuggler. Pilingas offered Farfan twenty dollars to drive the truck across the border, where the two aliens who owned it would pick it up. When Farfan asked Pilingas if the truck contained contraband, he became belligerent, indignantly insisting that it did not. Apparently satisfied, Farfan agreed to drive the truck across the border. Throughout the proceedings, Farfan maintained that he was unaware that marijuana was concealed inside the truck.

Farfan was indicted for importation of marijuana and possession of marijuana

with intent to distribute, violations of 21 U.S.C. §§ 952(a), 960(a)(1), and 841(a)(1). From a jury verdict convicting him for both offenses, he takes this appeal.

### Rule 15(a)

Federal Rule of Criminal Procedure 15(a) provides in pertinent part:

> Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition . . .

The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular characteristics of each case to determine whether the "exceptional circumstances" requirement has been satisfied. *United States v. Bello*, 532 F.2d 422, 423 (5th Cir.1976).

On the morning of trial, Farfan filed a motion pursuant to the rule to take the deposition of Pilingas. Although the motion was unaccompanied by a supporting affidavit, defense counsel declared in open court when questioned by the judge that Pilingas was a resident of Mexico, and thus beyond the subpoena power of the court. Counsel also indicated that Pilingas had refused to re-enter the United States voluntarily, since the Justice Department had threatened him with arrest. Finally, defense counsel speculated that although Pilingas would avoid inculpating himself, he would probably testify that Farfan had no knowledge of the marijuana concealed in the truck. The government filed its objections, complaining that Farfan had neglected to file a supporting affidavit. The district court later denied the motion, finding that Farfan had failed to submit a sworn affidavit demonstrating "exceptional circumstances." [2]

■ We conclude the district court abused its discretion in denying the Rule 15(a) motion. We find no requirement in

---

2. We note that neither the government nor the district court premised its objections to the motion on the ground that it was filed the morning of trial. Our court has previously held that

denial of a Rule 15(a) for untimeliness is not an abuse of discretion. *See United States v. Dearden*, 546 F.2d 622 (5th Cir.), *cert. denied*, 434 U.S. 902, 98 S.Ct. 295, 54 L.Ed.2d 188 (1977).

the language of Rule 15 that the motion must be supported by an affidavit, nor do the cases we have reviewed indicate that our court has imposed such a rigid requirement. In this case, any affidavit filed by Farfan would have contained the same representations by counsel that were made orally in open court. Accordingly, we find no substantial difference in the trustworthiness of either vehicle.

■ Similarly, we disagree with the trial court's conclusion that Farfan failed to demonstrate "exceptional circumstances." Because Pilingas is a Mexican national, he is beyond the subpoena power of the court, and could not be compelled to appear. *See* 28 U.S.C. § 1783. While the trial judge suggested that Pilingas might return voluntarily, we find that possibility unlikely in light of the government's threat to prosecute him if he entered the country.[3] Although not required by the rule, we note that Pilingas' probable testimony is material, since it bears upon Farfan's knowledge of the hidden contents of the truck. In light of these conclusions, we must reverse Farfan's conviction, and remand this case to the district court.

### The Jury Instruction

■ We choose to address the propriety of the district court's jury instructions as a guide to the district judge on remand of this case. Farfan contends that the district court improperly instructed the jury on "deliberate ignorance," and erroneously refused to balance its instruction as he requested.[4] Finding that the facts of this case support the issuance of that instruction, we approve the district court's version.

When reviewing a jury instruction, we determine whether "the charge, as a whole, is a correct statement of the law and whether it clearly instructed the jurors as

to the principles of law applicable to the factual issues confronting them." *United States v. Stacey*, 896 F.2d 75, 77 (5th Cir. 1990). A trial judge is under no obligation to give a requested jury instruction that is inaccurate, argumentative, or duplicative. *United States v. L'Hoste*, 609 F.2d 796 (5th Cir.), *cert. denied*, 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980).

Our court has recognized "deliberate ignorance" in situations where the defendant "has good and sufficient reason to believe that a condition exists, but deliberately avoids learning of it." *United States v. de Luna*, 815 F.2d 301, 302 (5th Cir.1987). With specific regard to drug importation cases, our court has approved a nearly identical deliberate ignorance instruction when a defendant "through willful blindness fails to confirm [a suspicion that he was transporting controlled substances.]" *United States v. Lara–Velasquez*, 919 F.2d 946, 950–951 & n. 7 (5th Cir.1990), *citing United States v. Restrepo–Granda*, 575 F.2d 524, 528 (5th Cir.), *cert. denied*, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978).

Because the instruction poses the risk that the jury will convict a defendant upon a lesser showing of guilt, it may only issue when the evidence at trial raises two inferences:

(1) that the defendant was subjectively aware of the high probability of illegal conduct, and

(2) that the defendant purposefully contrived to avoid learning of the illegal conduct.

*Lara–Velasquez*, 919 F.2d at 951; *see also, United States v. Alvarado*, 838 F.2d 311, 314 (9th Cir.1987), *cert. denied*, 487 U.S. 1222, 108 S.Ct. 2880, 101 L.Ed.2d 915 (1988).

Thus, before it is entitled to a deliberate ignorance instruction, the government

---

**3.** The Ninth Circuit has held that even if the desired witness is a fugitive from justice, the availability of Rule 15(a) is not foreclosed. *See United States v. Hernandez–Escarsega*, 886 F.2d 1560 (9th Cir.1989).

**4.** The challenged instruction provided:

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what otherwise would have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

must do more than prove that a reasonable person in Farfan's position would have been suspicious of the circumstances. For example, in *de Luna,* the defendant was offered $10,000 to drive a load of "cabbage" across the border, even though the usual price for such a service was only $1,000. At trial, de Luna testified that the truck belonged to a "friend" whose name he could not recall. He claimed he did not know where he was to deliver the cabbage once he arrived in the United States, or why his employer was willing to pay such a high price for his services. Our court upheld the issuance of the deliberate ignorance instruction, noting that de Luna's "testimonial denial of the knowledge of the drug's presence … and his far-fetched claims … clearly support the giving of the charge." *de Luna,* 815 F.2d at 302.

We are also persuaded by our court's recent holding in *Lara–Velasquez,* a case bearing remarkable similarity to ours. Lara–Velasquez accepted an offer from his uncle, a man his parents had characterized as "bad," to drive a pickup truck across the border. The truck was equipped with a camper shell that had been noticeably patched on the underside. When he was stopped at the border, the agents noticed he was unusually nervous. Suspicious of the patched spot on the camper, they searched the truck, uncovering thirty-eight packages of marijuana. Like Farfan, Lara–Velasquez initially lied to the agents when they questioned him. Although Lara–Velasquez maintained he was his uncle's innocent pawn, we were not persuaded, and affirmed the issuance of the deliberate ignorance instruction. The court noted that Lara–Velasquez' nervousness, and the fact that he lied to the agents suggested his subjective awareness that something illegal was afoot. Furthermore, because he was aware of his uncle's ques-

tionable reputation, he should have inspected the suspiciously patched camper shell.

Like the cases discussed above, the facts in ours support issuance of the deliberate ignorance instruction. As to the issue of subjective awareness, the record indicates that Farfan was aware of Pilingas' questionable reputation and the criminal activities in which he occasionally engaged. Furthermore, although Pilingas told Farfan that the truck belonged to some Mexicans who would soon cross the border, Farfan should have been suspicious of the Texas license plates it bore. Finally, Farfan lied to the agents when they initially questioned him, a fact our court has recognized indicates subjective knowledge of wrongdoing. *See e.g., Lara–Velasquez,* 919 F.2d at 953; *United States v. Del Aguila–Reyes,* 722 F.2d 155, 158 (5th Cir. 1983).

The facts also indicate that Farfan deliberately closed his eyes to the possibility of illegal activity. Farfan was suspicious enough of Pilingas to inquire as to whether the truck contained contraband. Even though Pilingas vehemently insisted the truck was empty, his violent reaction to the query should have made Farfan even more wary. A holding that merely making an inquiry and receiving a negative reply precludes an inference of guilty knowledge would eviscerate the concept of deliberate ignorance. We find no error in the issuance of the instruction under these facts.[5]

## Conclusion

Although we find the jury instruction given by the district court appropriate under these facts, we reverse and remand this case based on our conclusion that the district court abused its discretion in denying Farfan's Rule 15(a) motion.

---

**5.** We also deal briefly with Farfan's argument that the district court should have "balanced" its deliberate ignorance instruction with the following language:

> However, even so, if you find that the defendant actually believed that the transaction did not involve marijuana, then you must acquit the defendant.

We note that this language has never been specifically sanctioned in our circuit, nor are we aware of such a requirement in any other circuit. Although we uphold the charge issued in this case *in the context of the other instructions given, United States v. Ferro,* 709 F.2d 294, 295 (5th Cir.1983), we suggest to the Jury Charge Committee that similar "balancing" language be added to our Circuit's Pattern Jury Instructions.

AFFIRMED in part, REVERSED and REMANDED in part.