**UNITED STATES of America, Plaintiff,**

v.

**Herbert A. DANIELS, Defendant.**

**No. 99–40099–01–DES.**

United States District Court,
D. Kansas.

June 13, 2000.

Thomas J. Kenney, Kutak Rock LLP, Omaha, NE, Gregory B. Hancks, Leslie A. Greathouse, Kutak Rock LLP, Kansas City, MO, Alan D. Strasser, Kutak Rock, Washington, DC, for Herbert A. Daniels.

Richard L. Hathaway, Topeka, KS, Office of United States Attorney.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the Government's Motion to Take Deposition, Pursuant to Federal Rule of Criminal Procedure 15(a) (Doc. 100); defendant's Motion to Quash Subpoenas to Blackwell, Sanders, Peper, Martin, LLP (Doc. 99), Ex Parte Motion Requesting Pretrial Production of Insurance Documents Pursuant to Subpoenas (Doc. 110), and Ex Parte Motion Requesting Pretrial Production of Pathology Slides Pursuant to Subpoenas (Doc. 111). The court has considered the arguments of both parties as to the government's motion to take deposition and defendant's motion to quash. For the following reasons, both motions are denied. The court has also considered defen-

dant's arguments to seal the motions requesting pretrial production of documents and finds that the motions should not be sealed.

## I. GOVERNMENT'S MOTION TO TAKE DEPOSITION

■ The government has filed a motion to take the deposition of Michelle U. prior to trial under Federal Rule of Criminal Procedure 15(a), which authorizes the taking of the deposition if exceptional circumstances exist. Determining whether a deposition should be taken under the particular circumstances is within the sound discretion of the district court. *United States v. Edwards*, 69 F.3d 419, 437 (10th Cir.1995). To determine whether exceptional circumstances exist, the court looks to three factors: (1) whether the desired witness is unavailable to testify at trial; (2) whether the witness's testimony is material to the government's case; and (3) whether taking the deposition would cause injustice to the defendant. *United States v. Ramos*, 45 F.3d 1519, 1522–23 (11th Cir.1995) (citing *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir.1993)). The government bears the burden of showing the existence of exceptional circumstances. *United States v. Kelley*, 36 F.3d 1118, 1124 (D.C.Cir.1994). The defendant objects to taking the deposition of Michelle U. because the government has not shown that she will be unavailable to testify at trial.

■ To establish unavailability, the government must demonstrate that "a substantial likelihood ... exists that the proposed deponent will not testify at trial." *Drogoul*, 1 F.3d at 1553. Representations by counsel are sufficient to establish unavailability. *United States v. Farfan–Carreon*, 935 F.2d 678, 679–80 (5th Cir.1991); *United States v. Marteau*, 162 F.R.D. 364, 368 (M.D.Fla. 1995). The government represents that Michelle U. has a brain infection and will undergo brain surgery on July 10, 2000. The estimated six-week trial is scheduled from July 10, 2000, to August 18, 2000. Counsel does not describe the nature of the surgery or the estimated recovery time. Counsel provides that Michelle U. "may" lose her ability to speak or "may" suffer seizures or paralysis. However, counsel does not state the probability that these events will occur. The government has not demonstrated to the court that there is a substantial likelihood that Michelle U. will be unable to testify at trial. Therefore, the court denies the government's motion to take deposition.

## II. DEFENDANT'S MOTION TO QUASH

Defendant has filed a motion to quash subpoenas issued by the government to Blackwell, Sanders, Peper, Martin, LLP ("Blackwell, Sanders"). For the reasons set forth in its May 22, 2000, order (Doc. 97), the court denies defendant's motion to quash. The defendant has not shown he has standing to challenge the administrative subpoenas issued to third party, Blackwell, Sanders.

## III. DEFENDANT'S EX PARTE MOTIONS

Defendant has also filed motions requesting pretrial production of pathology slides and insurance documents pursuant to subpoenas duces tecum. Defendant argues that he needs the requested information, not provided by the government, to effectively prepare his defense and that his motion should be filed under seal.

■ The court finds neither of defendant's motions should be sealed. This court has recognized that Federal Rule of Criminal Procedure 17(c) provides for an ex parte application for a subpoena duces tecum seeking pretrial production of documents to be issued to a third party. Although ex parte applications are not favored, they are justified when the defense is required to disclose trial strategy in order to show the court the Rule 17(c) request is appropriate. The court has closely evaluated the statements made in defendant's motion and finds that the motion does not contain trial strategy. Therefore, defendant's request to seal the motions is denied.

The court will consider whether the requested subpoenas should be issued in a future order. As to defendant's request for production of pathology slides, the court directs defendant to submit a brief explanation of the process of copying pathology slides and whether Bethany Medical Center and Providence Medical Center are equipped to make copies of the pathology slides by Thursday, June 15, 2000, at 5:00 p.m.

In the future, the court directs defendant to file a separate motion to seal rather than combining the motion to seal with the pleading.

**IT IS THEREFORE BY THE COURT ORDERED** that the Government's Motion to Take Deposition, Pursuant to Federal Rule of Criminal Procedure 15(a) (Doc. 100) is denied. Defendant's Motion to Quash Subpoenas to Blackwell, Sanders, Peper, Martin, LLP (Doc. 99) is denied.

**IT IS FURTHER BY THE COURT ORDERED** that defendant's Ex Parte Motions Requesting Pretrial Production of Insurance Documents Pursuant to Subpoenas (Doc. 110) and Requesting Pretrial Production of Pathology Slides Pursuant to Subpoenas (Doc. 111) are denied in part to the extent defendant's request to seal the motions is denied.

**IT IS FURTHER BY THE COURT ORDERED** that defendant is to submit a brief explanation **by Thursday, June 15, 2000, at 5:00 p.m.** of the process of copying pathology slides and whether Bethany Medical Center and Providence Medical Center are equipped to make copies of the pathology slides.