IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50876
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOEL CHAVEZ-ROMERO,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-484-ALL-H
--------------------
June 23, 2000

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Joel Chavez-Romero (Romero) appeals his jury-trial conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Romero argues the district court erred in allowing into evidence certain documents relating to his citizenship.  The admission of these documents was error, Romero argues, because they were not relevant to the charged offense and because their admission "created a danger the jury would dislike or even fear Romero as an alien."

_____

    [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

We review the admission of evidence for abuse of discretion only. United States v. Torres, 114 F.3d 520, 526 (5th Cir. 1997). However, even if we find an abuse of discretion in the admission or exclusion of evidence, the error is reviewed under the harmless-error doctrine. United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. If drugs are found in a "hidden compartment" of a vehicle, "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge is required." United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999). Such circumstantial evidence may include nervousness, conflicting statements to law enforcement officials, an implausible story, and false statements to agents during questioning. Id.; United States v. Farfan-Carreon, 935 F.2d 678, 681 (5th Cir. 1991); United States v. Del Aquila-Reyes, 722 F.2d 155, 158 (5th Cir. 1983).

The district court did not abuse its discretion in allowing the Government to introduce the documents. The documents tended to prove that Romero's assertion to border patrol agents that he was a United States citizen was false. The jury could have therefore concluded that Romero lied to agents about his citizenship and that this lie, combined with the other false statements made by Romero to the agents, constituted evidence that Romero was aware of the drugs hidden in the gas tank. See

Farfan-Carreon, 935 F.2d at 681; Del Aguila-Reyes, 722 F.2d at 158.

Even if there was an abuse of discretion, the admission of the documents was harmless error because the documents were cumulative to testimony already introduced at the trial and because the documents were proper rebuttal evidence to Romero's statement, during direct examination, that he had "papers" to prove he was a United States citizen.  Unites States v. Allie, 978 F.2d 1401, 1408 (5th Cir. 1992); United States v. Delk, 586 F.2d 513, 516 (5th Cir. 1978).

AFFIRMED.