# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50373
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN JOSE GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-3208-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Jose Garcia appeals from his jury trial conviction for importing 50 kilograms or more of marijuana for which he received an 18-month sentence. Garcia argues that the district court abused its discretion in giving the jury an instruction on deliberate ignorance.

We review the district court's decision to give a deliberate ignorance jury instruction for abuse of discretion. *See United States v. Ricard*, 922 F.3d 639,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50373

654-55 (5th Cir. 2019). "[A] deliberate ignorance instruction should only be given when a defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate ignorance." *Id.* at 655-56 (internal quotation marks and citation omitted). "An inference of deliberate ignorance exists if there is evidence showing (1) subjective awareness of a high probability of the existence of illegal conduct, and (2) purposeful contrivance to avoid learning of the illegal conduct." *Id.* at 656 (internal quotation marks and citation omitted).

Garcia denied having any knowledge that there were drugs in the suitcase found in the trunk of his car. Yet there was substantial evidence that Garcia was aware of a high likelihood that he was participating in criminal activity. In a post-arrest interview, Garcia admitted to agents that he felt something was wrong soon after his arrival in Juarez when his car was taken for two hours by the people paying him to supposedly bring money from Mexico into the United States. After the car was returned to Garcia, he noticed that "it felt heavy, for some reason." He also told agents he did not know the amount of money he was supposedly bringing across the border, but knew his job involved "something bad." One of the people giving him instructions in Juarez had a pistol in his waistband. The men in Juarez also placed a GPS tracker on Garcia's car, which would be removed after he met someone in a parking lot after crossing the border. In addition, Garcia engaged in nervous and unusual behavior when agents started asking him about the suitcase at the El Paso border crossing. There is even more evidence showing Garcia's subjective awareness of a high probability he was engaged in criminal conduct, but what we have already described is more than enough to support that requirement for the deliberate ignorance instruction. *See United States v. Farfan-Carreon,*

935 F.2d 678, 681 (5th Cir. 1991); *United States v. Lara-Velasquez*, 919 F.2d 946, 952 (5th Cir. 1990).

Despite the highly suspicious circumstances, Garcia did not attempt to determine the source of the heaviness of his vehicle or otherwise inquire about what was put into his car during the two hours it was taken from him before he crossed the border. "[W]e have previously recognized that where the likelihood of criminal wrongdoing is so high, and the circumstances surrounding a defendant's activities are extremely suspicious, a failure to conduct further inquiry" supports a finding of deliberate ignorance. *See United States v. Freeman*, 434 F.3d 369, 378 (5th Cir. 2005); *see also United States v. Brown*, 871 F.3d 352, 356 (5th Cir. 2017).

We reject Garcia's argument that the deliberate ignorance instruction was improperly used by the Government as a failsafe mechanism to relieve itself of proving a mens rea. "[T]he same evidence that will raise an inference that the defendant had actual knowledge of the illegal conduct ordinarily will also raise the inference that the defendant was subjectively aware of a high probability of the existence of illegal conduct." *Lara-Velasquez,* 919 F.2d at 952. So the government's argument that Garcia had actual knowledge did not preclude the deliberate ignorance instruction. *See United States v. Orji-Nwosu,* 549 F.3d 1005, 1009 (5th Cir. 2008). Nor did the instruction otherwise relieve the government of its burden.

The judgment is AFFIRMED.