# United States Court of Appeals for the Fifth Circuit

---

No. 22-50725
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Alonso Juarez Salcido,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-1051-1

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Victor Alonso Juarez Salcido appeals his conviction for conspiracy to possess five kilograms or more of cocaine with intent to distribute, and importation of five kilograms or more of cocaine. He insists that the district court abused its discretion by giving a "deliberate ignorance" instruction to the jury.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50725

We review the district court's decision for abuse of discretion. *United States v. Brooks*, 681 F.3d 678, 697 (5th Cir. 2012). A deliberate indifference instruction "is appropriate only when a defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate [ignorance]." *United States v. McElwee*, 646 F.3d 328, 341 (5th Cir. 2011) (internal quotation marks and citations omitted). That instruction should be used when the evidence at trial raises two inferences: "(1) the defendant was subjectively aware of a high probability of the existence of the illegal conduct; and (2) the defendant purposely contrived to avoid learning of the illegal conduct." *Brooks*, 681 F.3d at 701 (internal quotation marks and citation omitted).

Juarez Salcido concedes that the Government met the first inference. The record indicates that Juarez Salcedo was aware that his activities were likely illegal. For example, he expressed concern as to whether he was committing a crime by bringing money over the border, he inspected the vehicle out of suspicion, he made untruthful statements to the Customs and Border Protection (CBP) officers and the Homeland Security Investigations (HSI) agent, and he displayed nervous behavior when he encountered the CBP officers. *See Brooks*, 681 F.3d at 701-02; *United States v. Nguyen*, 493 F.3d 613, 619-20 (5th Cir. 2007).

Juarez Salcido nevertheless contends that he did not engage in a "purposeful contrivance to avoid learning of the illegal conduct." *Brooks*, 681 F.3d at 701. However, the record militates against him. For example, he did not question the source of the money he received or the instructions to leave the car unattended in a parking lot for an unknown individual to place money in the car. When viewed in the light most favorable to the Government, the evidence gives rise to an inference that Juarez Salcido purposefully avoided learning about the illegal purpose of his trip. *See United States v. Farfan-Carreon*, 935 F.2d 678, 679, 681 (5th Cir. 1991); *Nguyen*, 493

No. 22-50725

F.3d at 621-22. We conclude that there was no abuse of discretion by the district court. *See Brooks*, 681 F.3d at 697.

The district court's judgment is AFFIRMED.