IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51001
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

PEDRO RAMOS GARCIA,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

August 6, 1999

Before JONES and WIENER, Circuit Judges, and LITTLE, District
Judge.[*]

LITTLE, District Judge:

     Pedro Ramos Garcia was convicted of possession of
marijuana with intent to distribute, 21 U.S.C. § 841(a)(1),
and importation of marijuana, 21 U.S.C. § 952(a).  On appeal,
Garcia argues that the government failed to produce sufficient
evidence at trial to justify conviction on either count.  We
disagree and affirm the jury's verdict.

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

## I.   Facts

On the morning of 10 January 1998, Garcia was visited at his home in Mexico by a friend of his and man unknown to Garcia at the time, one Juan Jiminez.  Jiminez offered Garcia $500 to drive a white pickup truck with Mexican license plates from Garcia's home to Eagle Pass, Texas, only four miles away. The truck's bed was empty save a toolbox, which was likewise empty.  Jiminez instructed Garcia to leave the truck in the parking lot of a supermarket near the border with the keys under the truck's floor mat.  Garcia agreed.  The additional money would aid Garcia in celebrating his nearing birthday.

Garcia arrived at the border at about 11:00 a.m.  In the primary inspection lane, Immigration Inspector John Hernandez asked Garcia the standard battery of questions, including whether Garcia carried with him anything obtained in Mexico. Garcia replied in the negative and presented his resident alien card.  Hernandez, finding it odd that a resident alien of the United States would drive a truck with Mexican plates from Mexico into Texas, referred Garcia to a secondary inspector.  Hernandez testified at trial that Garcia appeared nervous during their colloquy.

The secondary inspector, Customs Inspector Alberto Mendoza, asked Garcia to open the hood of the truck and then stand on the other side of a nearby table.  Garcia opened the hood but according to Mendoza seemed to hesitate and linger

2

near the truck. Mendoza again asked Garcia to step aside, and Garcia complied. Upon inspecting the truck, Mendoza grew suspicious that the gas tank had been tampered with and ordered a canine inspection. As the canine alerted, Mendoza observed Garcia looking towards Mexico.

Inspectors discovered 70 pounds of marijuana in a hidden compartment behind the empty toolbox. Special Agent Enemencio Torres issued a <u>Miranda</u> warning to Garcia; Garcia waived his rights prior to Torres's interrogation. Garcia recounted the events of the day and denied any knowledge of the marijuana. At that time, Garcia claimed that he thought that the truck was going to be used to transport illegal aliens. Torres testified that Mendoza told him that during the search of the vehicle, Garcia appeared uneasy and paced back and forth. Mendoza did not mention these facts during his testimony. Until the canine search revealed the compartment, no inspector had suspected the presence of the hidden chamber in the cab or smelled marijuana.

A jury convicted Garcia of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and importation of marijuana in violation of 21 U.S.C. § 952(a). The trial judge sentenced Garcia to 27 months on each count, to be served concurrently, with three years' supervised release and a $200 special assessment. Garcia filed a timely notice of appeal challenging the sufficiency of the evidence

3

as to a necessary element of both crimes: his knowledge that the truck he drove carried drugs.

## II. Analysis

**A.    Standard of Review**

We review challenges to the sufficiency of evidence under a mere rationality standard: that is, we affirm "if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt."  United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We determine only whether the jury's decision was rational without passing on whether or not we believe it was a correct one.  See United States v. Dean, 59 F.3d 1479, 1484 (5th Cir. 1995).  We therefore must view the evidence in the light most favorable to the jury's verdict without second-guessing the weight or credibility given the evidence by the jury.  See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998); United States v. Resio-Trejo, 45 F.3d 907, 910 (5th Cir. 1995).  While the jury is free to choose among reasonable constructions of the evidence, see Ortega Reyna, 148 F.3d at 543; Dean, "[i]f the evidence . . . gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, we must reverse the conviction, as under these circumstances 'a reasonable jury must necessarily entertain a

reasonable doubt.'" Lopez, 74 F.3d at 577 (quoting United States v. Sanchez, 961 F.2d 1169, 1173 (5th Cir. 1992)).

**B.    Knowledge**

"The knowledge element in a possession case can rarely be established by direct evidence.  Knowledge can be inferred from control of the vehicle in some cases; however, when the drugs are hidden, control over the vehicle alone is not sufficient to prove knowledge." United States v. Garza, 990 F.2d 171, 174 (5th Cir. 1993).  This is so because "it is at least a fair assumption that a third party might have concealed the controlled substances in the vehicle with the intent to use the unwitting defendant as the carrier in a smuggling enterprise."  United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir.1990).  Thus, it is the general rule in this circuit that where the case involves a hidden compartment, control must be supplemented by other circumstantial evidence "that is suspicious in nature or demonstrates guilty knowledge." Garza, 990 F.2d at 174; see also Diaz-Carreon, 915 F.2d at 954; United States v. Anchondo-Sandoval, 910 F.2d 1234, 1236 (5th Cir. 1990); United States v. Olivier-Becerril, 861 F.2d 424, 426 (5th Cir. 1988); United States v. Richardson, 848 F.2d 509, 513 (5th Cir. 1988).

The government claims that the jury's verdict is supported by the necessary additional circumstantial evidence because:  (1) Garcia's ignorance of the marijuana in the face

of suspicious circumstances is implausible; (2) it is implausible that Garcia would be entrusted with such a large quantity of marijuana without his knowledge; and (3) Garcia was nervous during his encounter with Immigration Inspector John Hernandez and Special Agent Enemencio Torres. We agree with the government that these additional factors adequately support the jury's verdict.

### 1. Implausible Story

The government correctly points out that an implausible story advanced by a defendant to explain his actions can provide circumstantial evidence from which a jury might infer the defendant's guilty knowledge. See Ortega Reyna, 148 F.3d at 544; United States v. Casilla, 20 F.3d 600, 607 (5th Cir. 1994); Garza, 990 F.2d at 175; Diaz-Carreon, 915 F.2d at 954; Anchondo-Sandoval, 910 F.2d at 1237; Richardson, 848 F.2d at 13. The government finds it implausible that Garcia, when presented with the opportunity to earn $500 by driving an empty truck four miles across the U.S.-Mexico border, would not conclude that the truck is likely to carry drugs. We agree with the government that Garcia's story is rather implausible, and his failure to ask any questions about the trip smacks of a willful ignorance consistent with guilty knowledge. Garcia attempts to neutralize the inference of guilty knowledge by positing an alternative explanation for his behavior: although he believed the circumstances were

6

suspicious, he suspected not the presence of drugs hidden in the truck, but that the truck he was delivering was destined for use in smuggling illegal aliens. While this may be a plausible explanation, it is one that the jury evidently did not believe, and "[w]e will not second guess the jury in its choice . . . ." United States v. Zuniga, 18 F.3d 1254, 1260 (5th Cir. 1994). The jury was free to infer Garcia's guilty knowledge from the implausibility of his story.

## 2. Quantity of Drugs

The government contends that Garcia's story is also implausible because it is unreasonable to believe that Garcia would have been entrusted with a large quantity of drugs without his knowledge. For this proposition the government relies on United States v. Del Aguila-Reyes, 722 F.2d 155 (5th Cir. 1995), where this court upheld a jury's inference of a defendant's guilty knowledge based in part on the quantity of drugs involved. See id. at 157. Although this "reasonable inference, . . . if there were nothing more, might well not support a finding of guilty knowledge[,]" see id., in this case we have more: Garcia's apparent willful ignorance. This factor, therefore, also lends support to the jury's verdict.

## 3. Nervousness

The government points to the testimony of Immigration Inspector John Hernandez and Special Agent Enmencio Torres indicating Garcia's nervousness during questioning to support

7

the jury's inference of guilty knowledge.  In Fifth Circuit case law, the character of a defendant's reaction to scrutiny at the border is a double-edged sword for the defendant. While this court has found that nervousness during an investigation often indicates guilty knowledge, see Shabazz, 993 F.2d at 442; Olivier-Becerril, 861 F.2d at 427; Richardson, 848 F.2d at 13, a calm reaction to the suspicion of border agents has also been considered incriminating.  See Resio-Trejo, 45 F.3d at 913; Aquila-Reyes, 722 F.2d at 158. Because nervousness is "a normal reaction to . . . being stopped at a border[,] . . . anxiety is inconclusive *unless* viewed in the context of other facts" indicating guilty knowledge.  United States v. Williams-Hendricks, 805 F.2d 496, 500 (5th Cir. 1986).  In this case, as we have seen, sufficient indicia of guilty knowledge exist to lend significance to Garcia's nervousness.  Viewed in context with the implausibility of Garcia's story, the jury could have inferred Garcia's guilty knowledge from his nervousness under questioning.

In sum, the inference of Garcia's guilty knowledge is supported by his possession of the truck in combination with the implausibility of his story and his nervousness under questioning.  The jury's verdict as to Garcia's knowledge was therefore supported by sufficient evidence.  We AFFIRM.

8