# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

## No. 99-41275
## Summary Calendar
_____

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**RUBEN GOMEZ-MONTELONGO,**

Defendant-Appellant.

_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (M-99-CR-204-1)
_____

July 24, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ruben Gomez-Montelongo was convicted by a jury for importation of, and possession with intent to distribute, more than five kilograms of cocaine. According to Gomez, the evidence was insufficient to support his conviction because the cocaine was concealed inside one of the fuel tanks for the vehicle he was driving and the Government failed to prove he knew the cocaine was there.

Knowledge of the presence of a controlled substance may be

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inferred from the exercise of control over a vehicle in which the substance is concealed. *E.g.*, **United States v. Diaz-Carreon**, 915 F.2d 951, 954 (5th Cir. 1990). If the contraband is concealed in a hidden compartment, control of the vehicle does *not* by itself support an inference of guilty knowledge; there must be "additional evidence indicating knowledge". **Id**.

Based on the circumstantial evidence, including Gomez's nervousness and avoidance of eye contact with the primary Customs Inspector, deliberately turning his back on the search, his claimed ownership of the vehicle in which the cocaine was concealed, the recent, significant alterations of the vehicle to accommodate the concealment of contraband, and the very large amount of cocaine he was carrying, a rational trier of fact could have found that Gomez had knowledge of the presence of the cocaine concealed in the truck. *See* **United States v. Ramos-Garcia**, 184 F.3d 463, 465 (5th Cir. 1999)(implausibility of defendant being entrusted with large quantity of marijuana without his knowledge is circumstantial evidence of guilty knowledge); **United States v. Ortega Reyna**, 148 F.3d 540, 544 (5th Cir. 1998) (listing types of behavior recognized as circumstantial evidence of guilty knowledge, including nervousness, avoidance of eye contact, and alterations to the vehicle); **United States v. Resio-Trejo**, 45 F.3d 907, 913 (5th Cir. 1995) (defendant's calm demeanor and indifference while agents dismantled gas tanks on his truck was circumstantial evidence of

guilty knowledge).

*AFFIRMED*