IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40674
Summary Calendar
_____


UNITED STATES OF AMERICA,

              Plaintiff-Appellee,

                            versus

ALBERTO LOPEZ-JIMENEZ,

              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-19-1
_____
September 6, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

      Alberto Lopez-Jimenez appeals from his conviction for
possession with intent to distribute cocaine in violation of 21
U.S.C. §§ 841(a)(1) & 841(b)(1)(A).  Lopez-Jimenez argues that the
evidence is insufficient to support the jury's finding of the
knowledge element of the charge and that the district court erred
in giving a deliberate ignorance instruction.

_____

      *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing a challenge to the sufficiency of the evidence, we must determine whether a rational jury could have found that the evidence established guilt beyond a reasonable doubt on each element of the offense, drawing all reasonable inferences from the evidence and viewing all credibility determinations in the light most favorable to the verdict.[1]  We do not evaluate the weight of the evidence or the credibility of the witnesses.[2]  If this review of the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the offense charged, we are required to reverse.[3]  On the other hand, the evidence presented need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and we have noted that the jury is free to choose among reasonable constructions of the evidence.[4]

Although the cocaine was found in a hidden compartment of the Ford Expedition Lopez-Jimenez was driving, there was sufficient other direct and circumstantial evidence that supports a finding of guilty knowledge.[5]  The jury heard evidence that Lopez-Jimenez

---

[1] *United States v. Barton*, 257 F.3d 433, 439 (5th Cir. 2001).

[2] *United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001).

[3] *Barton*, 257 F.3d at 439.

[4] *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998).

[5] *See United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999).

confessed to knowing there was contraband in the Expedition and even to knowing there were hidden drugs, but claimed to be ignorant of what kind of drug. This is direct evidence in support of a finding of knowledge which the jury was free to believe, despite Lopez-Jimenez's explanation at trial that he was just telling the Border Patrol and DEA agents what they wanted to hear.

Moreover, the jury could have found that Lopez-Jimenez's alleged ignorance of the drugs in the face of suspicious circumstances, *i.e.*, driving a virtual stranger's new vehicle across the border to a vaguely-described hotel from which he was to call someone to discuss arrangements for the vehicle, was implausible.[6] Likewise, the jury could rationally have found implausible Lopez-Jimenez's explanation of his trip to San Antonio, since he was being paid $1,500 to make the trip and traveling over the border without luggage or arrangements for returning to Nuevo Laredo for an important business meeting the next morning.[7]

The government also argues that the sheer quantity of drugs in the new, specially-outfitted Expedition render unreasonable the claim that Lopez-Jimenez was entrusted with the vehicle to cross the border without his awareness of the contraband. We have found

---

[6] *See id.* at 466.

[7] *See id.; see also United States v. Mendoza*, 226 F.3d 340, 345 (5th Cir. 2000).

3

this supports a finding of knowledge under similar circumstances.[8] Moreover, Lopez-Jimenez's nervousness during the search and his failure to watch the search may also constitute circumstantial evidence in support of a finding of guilty knowledge.[9] Finally, Lopez-Jimenez's apparent lack of surprise upon the discovery of the contraband also supports a finding of guilty knowledge.[10]

On the basis of this direct and circumstantial evidence, we find the evidence sufficient to support an inference by the jury that Lopez-Jimenez knew that the Expedition contained drugs.

Lopez-Jimenez also challenges the district court's deliberate ignorance instruction. We review challenges to jury instructions for abuse of discretion and will find a jury instruction was erroneous only if the court's charge, as a whole, is not a correct statement of the law and does not clearly instruct the jurors as to the principles of the law applicable to the factual issues confronting them.[11] The district court has broad discretion in framing the instructions.[12]

---

[8] *See Ramos-Garcia*, 184 F.3d at 466; *see also United States v. Garcia-Flores*, 246 F.3d 451, 455 (5th Cir. 2001).

[9] *See Ramos-Garcia*, 184 F.3d at 466-67; *Ortega Reyna*, 148 F.3d at 544.

[10] *See Ortega Reyna*, 148 F.3d at 544.

[11] *United States v. Dien Duc Huynh*, 246 F.3d 734, 738 (5th Cir. 2001).

[12] *Id.*

A deliberate ignorance instruction is appropriate where a defendant denies knowledge of the presence of drugs and the proof at trial supports an inference of deliberate indifference.[13] Here, Lopez-Jimenez denied knowing of the presence of the drugs. We have further held that the evidence supports an inference of deliberate indifference "'where the evidence shows (1) subjective awareness of a high probability of the existence of illegal conduct, and (2) purposeful contrivance to avoid learning of the illegal conduct.'"[14]

As we have held in past cases, this defendant's repudiation of inculpatory statements, his admission to the agents that he knew something was in the vehicle, his previously-discussed implausible explanation for his trip to San Antonio, and the evidence supporting a finding of willful ignorance in the face of suspicious circumstances, discussed above, lead us to conclude that there was no error in giving the instruction in this case.[15] Under these circumstances, and since the district court phrased his instruction in accordance with a version we have previously approved warning against substituting negligence for the knowledge requirement,[16]

---

[13] *United States v. Peterson*, 244 F.3d 385, 395 (5th Cir. 2001).

[14] *Id.* (quoting *United States v. Threadgill,* 172 F.3d 357, 368 (5th Cir.), *cert. denied,* 528 U.S. 871 (1999)).

[15] *See United States v. Farfan-Carreon,* 935 F.2d 678, 680-81 (5th Cir. 1991); *United States v. McDonald*, 905 F.2d 871, 876 (5th Cir. 1990).

[16] *See Farfan-Carreon,* 935 F.2d at 680 & n.4.

Lopez-Jimenez's fear that the deliberate ignorance instruction allowed the jury to convict him on the basis of mere negligence is unfounded.  Moreover, Lopez-Jimenez admitted actual knowledge to a DEA agent, and this evidence renders any error in giving the deliberate ignorance instruction harmless.[17]

AFFIRMED.

---

[17]  *See Threadgill*, 172 F.3d at 369.