IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-50945

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA ERENDIRA HERNANDEZ-CASTILLO

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(00-CR-234)

October 24, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Maria Hernandez-Castillo challenges her conviction of possession with intent to distribute over 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and importation of marijuana into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On March 28, 2000, Maria Hernandez-Castillo, a resident of Mexico, drove from Muzquiz, Mexico, to the international bridge in Del Rio, Texas. The truck that she was driving had a toolbox attached to its bed and belonged to one Javier Acosta Munoz, her neighbor. At approximately 10:00 a.m. Hernandez-Castillo approached lane one of the bridge's primary inspection area. She indicated to the primary inspector that she was going to Del Rio to do some shopping. The primary inspector opened the toolbox in the bed of the truck and noticed an abnormal "step" that ran the full length of the toolbox. Hernandez-Castillo was then diverted to a secondary inspection area, where a drug-sniffing dog alerted inspectors to an area underneath the toolbox. Inspectors then discovered 117.5 pounds of marijuana in a compartment inside the toolbox.

Hernandez-Castillo was charged with possession with intent to distribute over 50 kilograms of marijuana and importation into the United States of marijuana. She was convicted of both counts after a jury trial and sentenced to concurrent 33-month terms of imprisonment, concurrent three-year terms of supervised release, and a $200 special assessment. She now appeals her conviction.

II

While Hernandez-Castillo moved for a judgment of acquittal at the close of the Government's case, she did not renew this motion at the conclusion of the evidence. As a result, it is well-established in this circuit that we conduct our sufficiency review only to determine whether the conviction resulted in a "manifest miscarriage of justice."[1] We consider all of the evidence in a light most favorable to the conviction and we may find a manifest miscarriage of justice "only if the record is devoid of evidence pointing to guilt, or ... because the evidence on a key element of the offense was so tenuous that a conviction would be shocking."[2]

Both of Hernandez-Castillo's offenses require that the government prove knowledge of the presence of the marijuana.[3] "The knowledge element in a possession case can rarely be established by direct evidence. Knowledge can be inferred from control of the vehicle in some cases; however, when the drugs are hidden, control over the vehicle alone is not sufficient to prove knowledge."[4]

---

[1] *United States v. Smith*, 203 F.3d 884, 887 (5th Cir. 2000).

[2] *United States v. Barton*, 257 F.3d 433, 439 (5th Cir. 2001) (quoting *United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc)). Hernandez-Castillo argues that our "manifest miscarriage of justice standard" conflicts with the due process test for insufficiency claims that the Court announced in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding in habeas case that proper review for insufficiency claims was whether any rational trier of fact could have found evidence that established the essential elements of the offense beyond a reasonable doubt). We have repeatedly applied the more deferential (to the verdict) manifest miscarriage of justice standard after *Jackson* when, as here, the defendant fails to renew a motion for judgment of acquittal at the close of all evidence. *See, e.g., Barton*, 257 F.3d at 439.

[3] *United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999).

[4] *United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993).

Consequentially, in this circuit additional circumstantial evidence of control must be provided.[5]

After a careful review of the record, we cannot say that it is devoid of evidence of guilt with respect to the essential element of knowledge. Among other things, Hernandez-Castillo's nervousness during questioning, the quantity of drugs involved, and her repeated trips to Del Rio and suspicious explanations for those trips all provide circumstantial evidence of her knowledge of the marijuana in the truck.[6] Because the record is not devoid of evidence of guilt, Hernandez-Castillo's conviction must stand.

We AFFIRM.

---

[5] *Id.*

[6] *Ramos-Garcia*, 184 F.3d at 466-67 (finding implausible story, quantity of drugs, and defendant's nervousness to provide sufficient circumstantial evidence of knowledge to support conviction). *Ramos-Garcia* involved the less deferential review of sufficiency under *Jackson. Id.* at 465.