IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40628
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR ANIBAL MORAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-337-1
_____

July 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Cesar Anibal Moran appeals his convictions for two counts of possession with the intent to distribute more than 500 grams of cocaine. Specifically, Moran contends that the government failed to prove as to both Counts One and Two that he knew the vehicles in both offenses were loaded with cocaine. He also asserts that his conviction for the Mississippi offense (Count Two) should be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacated since the contraband in that case was never analyzed by the state crime laboratory.

To prove possession of a controlled substance, here cocaine, with intent to distribute, the government must show beyond a reasonable doubt (1) knowing (2) possession of cocaine (3) with intent to distribute.[1] We have reviewed the record and the briefs submitted by the parties and conclude that the evidence presented at trial was sufficient to support the knowing element for both convictions, based on, *inter alia*, the implausible story offered by Moran that he twice unwittingly purchased vehicles loaded with cocaine hidden in each vehicle's battery and the quantity and street value of the seized cocaine.[2] Additionally, there was sufficient evidence, particularly the testimony of Captain Victor Smith based on his field test, to support the jury's determination that the substance Moran was charged with possessing with the intent to distribute under Count Two of the superseding indictment was cocaine, despite the absence of an official laboratory report.[3]

AFFIRMED.

---

[1] *United States v. Carreon-Palacio*, 267 F.3d 381, 389 (5th Cir. 2001).

[2] *See United States v. Ramos-Garcia*, 184 F.3d 463, 466 (5th Cir. 1999); *United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990); *United States v. Del Aguila-Reyes*, 722 F.2d 155, 157-58 (5th Cir. 1983).

[3] *See United States v. Benbrook*, 40 F.3d 88, 93-94 (5th Cir. 1994).