**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 31, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40638
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE FRANCISCO GARZA, IV,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1721-1
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Appellant Enrique Francisco Garza, IV, was convicted by

a jury of possessing marijuana with intent to distribute it,

in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

His principal contention is that the district court erred by

denying his FED. R. CRIM. P. 29 motion for judgment of acquittal.

Garza argues that the evidence was insufficient to prove that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

knew there was marijuana hidden in the tractor-trailer that he was driving. We AFFIRM.

To convict a defendant of possessing a controlled substance with intent to distribute, the Government must prove that the defendant (1) knowingly (2) possessed a controlled substance (3) with intent to distribute it. United States v. Cartwright, 6 F.3d 294, 299 (5th Cir. 1993). However, there is no need for the Government to prove that the defendant knew the type or amount of the substance that he possessed. United States v. Gamez-Gonzalez, 319 F.3d 695, 699-700 (5th Cir.), cert. denied, 123 S. Ct. 2241 (2003).

"A jury may ordinarily infer a defendant's knowledge of the presence of drugs from his control over the vehicle in which they are found." United States v. Villareal, 324 F.3d 319, 324 (5th Cir. 1993). "If the contraband is hidden, however, we require additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." Id.

In Garza's case there were circumstances, in addition to his control over the tractor-trailer, that were sufficiently suspicious that they support the jury's finding of guilty knowledge. If Garza had gotten past the Border Patrol checkpoint, the load of marijuana he was transporting would have been worth more than two million dollars. The jury could reasonably have inferred that Garza would not have been entrusted

with that extremely valuable cargo if he had not been involved in the trafficking scheme.

Furthermore, a defendant's implausible story can constitute circumstances warranting a finding of knowledge. See Villarreal, 324 F.3d at 325; United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir. 1999). A defendant's incomplete answers when responding to questions about coming into possession of the vehicle and its destination can also constitute circumstantial evidence of guilty knowledge. See United States v. Gutierrez-Farias, 294 F.3d 657, 660 (5th Cir. 2002), cert. denied, 537 U.S. 1114 (2003).

Garza's explanations as to how he came into possession of the tractor-trailer, how he was to be paid, and the destination for the tractor-trailer load were implausible. He told a Border Patrol agent that an unknown person called him and told him to pick up the rig at a gas station. When he got there, he said, the keys were in the ignition. Garza said that no arrangements were made to pay him and that he had to spend $260 of his own money to fuel the rig. In addition, the jury could have reasonably concluded, from the time stamped on the fuel receipt, that Garza had failed to adequately disclose his whereabouts during the ensuing three hours. Garza said he had no contact information for the recipient of the load, and the address on the fraudulent bill of lading turned out to be nonexistent. Finally, the evidence showed that Garza was an experienced

truck driver who would have recognized the obvious invalidity of the bill of lading that accompanied the load. See United States v. Garcia-Flores, 246 F.3d 451, 454 (5th Cir. 2001); United States v. Garza, 990 F.2d 171, 176 (5th Cir. 1993). Thus, the evidence amply supports the jury's finding that Garza knowingly possessed the marijuana found in the rig he was driving.

Garza also contends that he is entitled to reversal because the district court abused its discretion in allowing evidence of the business procedures followed by his former employer, Jacaman Transportation. In particular, he argues that evidence regarding Jacaman's procedures in weighing transportation loads, in preparing bills of lading, and in ensuring that trailers bore a license plate was unfairly used to make his innocuous actions and omissions appear to be evidence of guilt.

The only objection raised in the district court to this evidence was on the grounds of relevance, based on the fact that Garza was no longer working for Jacaman at the time he attempted to bring the load of marijuana through the checkpoint. "In reviewing the district court's rulings on matters of relevancy, this Court is guided by the principle that district courts have wide discretion in determining relevancy under Rule 401." United States v. Nutall, 180 F.3d 182, 189 (5th Cir. 1999). Accordingly, "[t]he district court's decision will not be disturbed absent a substantial abuse of discretion." Id.

Garza's prior experience as a professional truck driver with Jacaman, a freight transportation company that followed standard practices in the trucking industry, supported the reasonable inference that Garza was familiar with those practices. The Jacaman employee's testimony that particular practices were utilized in relation to Garza's activities at Jacaman made it more likely than not that his possession of the marijuana in this case was knowing. Specifically, Garza's knowledge that the circumstances surrounding the shipment he was hauling deviated greatly from standard practices showed his awareness of the illegality of his activities. Therefore, Garza has failed to establish that the district court abused its discretion by admitting this evidence over the objection that it was not relevant. See United States v. Ponce, 8 F.3d 989, 994 (5th Cir. 1993); United States v. Gonzalez-Lira, 936 F.2d 184, 191-92 (5th Cir. 1991).

AFFIRMED.