United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-40837
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**HECTOR RUBIO,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(C-02-CR-351-1)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hector Rubio appeals his conviction, following a jury trial, of possession with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Rubio was sentenced, *inter alia*, to a 135-month prison term. He challenges the sufficiency of the evidence to support his conviction (on two bases), the admission of drug courier profile testimony, and the Government's closing rebuttal remarks.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rubio's first basis for the sufficiency challenge is that the evidence was insufficient to support the knowledge element of his conviction. Among other evidence, Rubio was stopped at a border checkpoint driving a tractor-trailer that he owned; in the back of the trailer, amid scattered produce, was more than 5000 pounds of marijuana, worth approximately $4.3 million; when stopped, he watched the drug-sniffing dog in a fashion which made the Border Patrol Agent suspicious; he lied to the Agent about whether he had observed his trailer being loaded; the bills of lading had an non-existent address; and he was unable to produce a means of contacting the person to whom he was delivering the produce. The evidence, viewed in the requisite light most favorable to the verdict, was sufficient for a jury to reasonably infer Rubio's guilty knowledge. *See* **United States v. Chavez**, 119 F.3d 342, 347 (5th Cir.), *cert. denied sub nom.* **Rodriguez-Guerra v. United States**, 522 U.S. 1021 (1997); **United States v. Richardson**, 848 F.2d 509, 513 (5th Cir. 1988); **United States v. Ramos-Garcia**, 184 F.3d 463, 466 (5th Cir. 1999).

The second basis for the sufficiency challenge is the claim that the Government did not prove beyond a reasonable doubt that Rubio knowingly possessed the particular type (marijuana) and quantity (more than 1000 kilograms) of controlled substance at issue. Rubio concedes that this claim is foreclosed by **United States v. Gamez-Gonzalez**, 319 F.3d 695, 700 (5th Cir.), *cert.*

*denied*, 123 S. Ct. 2241 (2003). He presents it only to preserve it for further possible review.

Rubio maintains the district court abused its discretion in allowing drug courier profile testimony from a Drug Enforcement Agency (DEA) Agent. FED. R. EVID. 103; ***United States v. Jackson***, 50 F.3d 1335, 1340 (5th Cir. 1995) (evidentiary rulings reviewed for abuse of discretion). The Government theorized that Rubio could not afford to pay cash for the tractor-trailer and a drug organization gave him the money to purchase it for his use, with the understanding that when called upon, he must transport drugs for the organization. The DEA Agent testified in support of this theory. He testified, in pertinent part:

> I know of a *couple of instances* where the drug organizations actually purchase 18 wheelers, tractor and trailers, for the drivers to allow them to drive the tractor-trailer when they need it. But when the drug organizations call them, they will actually run loads of drugs for these organizations.

(Emphasis added). These *two instances* were in the 70 to 100 cases the DEA Agent had worked.

An experienced Agent may testify as to the significance of certain conduct or methods of operation that are unique to the drug business, "as such testimony often is helpful in assisting the trier of fact to understand the evidence". ***United States v. Washington***, 44 F.3d 1271, 1283 (5th Cir.), *cert. denied*, 514 U.S. 1132 (1995); *see also* ***United States v. Ramirez-Velasquez***, 322 F.3d

868, 879 (5th Cir.), *cert. denied*, 124 S. Ct. 107 (2003).  On the other hand, the Government cannot use the Agent's testimony in order to prove guilty knowledge.  *See **United States v. Mendoza-Medina***, 346 F.3d 121, 129 (5th Cir. 2003), *cert. denied*, 124 S. Ct. 1161 (2004); **Ramirez-Velasquez**, 322 F.3d at 879; **United States v. Gutierrez-Farias**, 294 F.3d 657, 663 (5th Cir. 2002), *cert. denied*, 537 U.S. 1114 (2003).  It does not appear that such an attempt was made.  But, even assuming *arguendo* that the DEA Agent's testimony indirectly inferred guilty knowledge of Rubio and, as a result, the district court abused its discretion in admitting that testimony, this error was harmless.  *See **Washington***, 44 F.3d at 1283; **Mendoza-Medina**, 346 F.3d at 129; **Ramirez-Velasquez**, 322 F.3d at 879; **Gutierrez-Farias**, 294 F.3d at 663.

Rubio's final contention is that there was prosecutorial misconduct as a result of certain comments made by the Government in closing argument.  As Rubio concedes, because he did not object at trial, review is only for plain error.  Based upon our review of the record, there was no reversible plain error.  **United States v. Gallardo-Trapero**, 185 F.3d 307, 322 (5th Cir. 1999), *cert. denied sub nom.* **Hernandez v. United States**, 528 U.S. 1127 (2000).

**AFFIRMED**