United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50884
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN CERVANTES-MOSCOSO;
GUADALUPE JAVIER HERNANDEZ-TENORIO,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CR-409-2-OG
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Martin Cervantes-Moscoso and Guadalupe Javier Hernandez-Tenorio appeal their convictions for conspiracy to import, possession with intent to distribute, and importation of more than five kilograms of cocaine and more than 100 kilograms of marijuana. They argue that the evidence is insufficient to support their convictions in that the Government did not present sufficient evidence to establish that they had knowledge that the cocaine and marijuana were hidden in a secret compartment of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bus that they were driving.  After Hernandez-Tenorio presented evidence on his behalf and rested his case, he did not renew his motion for a judgment of acquittal at the close of all of the evidence and did not file a posttrial motion for judgment of acquittal.  Therefore, review of his claim is limited to determining whether there was "a manifest miscarriage of justice."  United States v. Green, 293 F.3d 886, 895 (5th Cir. 2002).  Even if his claim is reviewed under the usual standard of review applicable to Cervantes-Moscoso's claim, viewing all of the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established beyond a reasonable doubt that they conspired to import, possessed with intent to distribute, and imported more than five kilograms of cocaine and more than 100 kilograms of marijuana.  See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003).

The Government presented sufficient evidence to establish that the men knew the drugs were hidden in the bus, that they knowingly and willingly participated in the conspiracy, and that they knowingly and willingly possessed and imported the drugs. They did not know the location of the hotel in San Antonio, Texas, where they were supposed to pick up a group of people. They gave inconsistent stories to customs officials concerning their prior entries into the United States, the bus's itinerary, and their ultimate destination.  See United States v. Ramos-

Garcia, 184 F.3d 463, 466 (5th Cir. 1999)(inconsistent statements and implausible explanations are evidence of guilty knowledge). During the course of an interview by United States Customs Inspector Daniel Silva, the men's demeanor changed from polite to shaking and being unable to answer. Customs Inspector Michael Pena observed that during an interview conducted while the bus was screened by the Vehicle and Cargo Inspection System using gamma radiation, Hernandez-Tenorio started stuttering and murmuring and beads of sweat broke out on his forehead. See United States v. Gutierrez-Farias, 294 F.3d 657, 661 (5th Cir. 2002)(nervous behavior is evidence of guilty knowledge), cert. denied, 537 U.S. 1114 (2003). A Customs official went to the hotel in Dallas, Texas, where the bus was scheduled to stop and found that a large luxury bus such as the one driven by Hernandez-Tenorio and Cervantes-Moscoso would have great difficulty getting into this hotel's parking lot because the surrounding streets were very narrow and angled. The extensive use of air fresheners on the bus was extremely unusual. Further, the large amount of cocaine and marijuana hidden on the bus was worth approximately $35 million dollars. A reasonable jury could conclude that Hernandez-Tenorio and Cervantes-Moscoso would not have been entrusted with millions of dollars of drugs if they were unknowing, innocent drivers. See United States v. White, 219 F.3d 442, 447-48 (5th Cir. 2000); United States v. Martinez-Moncivais, 14 F.3d 1030, 1035-36 (5th Cir. 1994).

AFFIRMED.