United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50656
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO CRUZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-277-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roberto Cruz appeals his conviction on one count of

possession of marijuana with intent to distribute in violation of

21 U.S.C. § 841(a)(1) & (b)(1)(B).  Cruz argues that the evidence

was not sufficient to demonstrate that he knew that the marijuana

was present in the trailer of the tractor-trailer rig that Cruz

was driving at the time he was stopped by a Texas trooper.

To prove possession of marijuana with intent to distribute,

the Government must prove that the defendant (1) knowingly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) possessed marijuana (3) with intent to distribute it.  See United States v. Cano-Guel, 167 F.3d 900, 904 (5th Cir. 1999). Although knowledge may be inferred from control over a vehicle in which the marijuana is found, we require additional circumstantial evidence of guilty knowledge when the contraband is concealed or not readily accessible, as in this case. See United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990).

Our review of the record satisfies us that sufficient circumstantial evidence supports the jury's verdict.  Cruz exhibited extreme nervousness throughout the time he was stopped, despite his significant experience as a trucker; Cruz informed the state trooper that he had picked the truck up at a yard in Laredo, but no such yard existed; the paper license tag on the dashboard had been visibly altered; and Cruz told the trooper that he had inspected the cargo and sealed the doors.

In addition, the jury reasonably could have believed that drug dealers would not entrust such a large quantity of drugs to a stranger without providing delivery information.  The jury similarly could have found Cruz's story that he was recruited by a large trucking company over the telephone to pick up an abandoned truck at a truck stop and deliver it to Dallas to be implausible.  See, e.g., United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir. 1999) (defendant's nervousness, implausible story, and quantity of drugs supported jury finding of guilty knowledge).

Although Cruz disputed much of the trooper's testimony, the jury was free to make its own credibility determinations, and its determinations were rational in light of the record as a whole. Viewing the evidence in the light most favorable to the verdict, as we must, see United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998), we find that the evidence was sufficient.

Accordingly, the judgment of the district court is AFFIRMED.