United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-51052
Summary Calendar

UNITED STATES OF AMERICA,

                                                        Plaintiff-
                                        Appellee,

versus

ABRAHAM ANTONIO MONTOYA-NAVARRO,

                                                        Defendant-
                                        Appellant.

-----------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-247-1-AML
-----------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Abraham Antonio Montoya-Navarro (Montoya) appeals his conviction and sentence for

importation of less than 50 kilograms of marijuana. We affirm his conviction, but we vacate his

sentence and remand for resentencing.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Montoya first challenges the sufficiency of the evidence supporting a finding of guilty knowledge. As Montoya made a timely Rule 29 motion for acquittal, we review under the usual "rational jury" standard. *See United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003). Because the marijuana was concealed, knowledge cannot be inferred from Montoya's control of the car in which the marijuana was found; other circumstantial evidence is required. *See United States v. Ortega Reyna*, 148 F.3d 540, 543-44 (5th Cir. 1998).

There was sufficient circumstantial evidence of Montoya's knowledge. Montoya was visibly nervous during initial questioning at the inspection station, despite previous frequent trips across the border to Del Rio, and he remained nervous throughout his detention. Although Montoya is correct that nervousness alone is not sufficient to demonstrate guilty knowledge, *see United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990), he is incorrect that there was no other circumstantial evidence supporting the jury's verdict. First, Montoya gave differing accounts of who owned the car he was driving and of how well he knew the owner, Julio. In addition, he testified that he did not tell Julio where he was going in Del Rio, which the jury could have found to be implausible given the amount and value of the drugs in the car. Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have found that Montoya knew he was transporting marijuana. *See United States v. Ramos-Garcia*, 184 F.3d 463, 466 (defendant's nervousness, implausible story, and quantity of drugs supported jury finding of guilty knowledge).

Montoya also challenges the district court's refusal to give a requested instruction that nervousness alone is insufficient. We review for abuse of discretion. *See United States v. Pennington*, 20 F.3d 593, 600 (5th Cir. 1994). The requested instruction was an incomplete statement of the law as it did not inform the jury that nervousness, combined with other factors, may

be circumstantial evidence of guilty knowledge. The district court properly charged the jury that it had to find other circumstantial indicia of guilty knowledge. Montoya's ability to present his defense was not impaired by the district court's refusal to give the instruction, as he was able to present explanations for his nervous behavior to the jury. Further, as discussed above, there was circumstantial evidence other than nervousness that supported the jury's verdict. We cannot say that the district court abused its discretion.

Finally, Montoya argues that the calculation of his sentence based on judge-made findings of drug quantity violates the Sixth Amendment in light of *United States v. Booker*, 543 U.S. 220 (2005). As Montoya objected to the drug quantity determination pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), we review for harmless error. *See United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir. 2005). Although Montoya was sentenced in the middle of the guidelines range, that alone is insufficient to demonstrate that the error was harmless, and there is nothing else in the record that would support a determination of harmless error. *See United States v. Garza*, 429 F.3d 165, 170-71 (5th Cir. 2005). Further, the Government concedes that it cannot show harmless error and that remand is warranted. Accordingly, we vacate Montoya's sentence and remand to the district court for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.