United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-51170
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

MANUEL ALONSO MUNIZ-NUNEZ,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:06-CR-81-1
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Manuel Alonso Muniz-Nunez (Muniz) was convicted of importing and

possessing with the intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C.

§§ 952 and 841(a), and was sentenced to 27 months of imprisonment. He challenges the sufficiency

of the evidence to support his convictions, specifically asserting that the evidence was insufficient to

prove that he knew the marijuana was concealed in the boxes of tile he was transporting.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should `not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Contrary to his assertion, the Government presented ample circumstantial evidence, in addition to his control of the vehicle in which the drugs were found, from which the jury could reasonably infer Muniz's guilty knowledge. Such evidence included Muniz's having instructed his codefendant and stepdaughter Erika Billicana to lie about owning the tile if questioned at the port of entry, as well as his acting suspiciously when informed that Billicana would be arrested, asking, without prompting, whether it had to do with the tile. Muniz also gave investigating agents conflicting accounts about how he came to be in possession of the tile, whom it was for, and where it would be delivered. The second version of his story, that he was contacted by an unidentified person who paid him $50 to transport the tile (for which he paid $100) to his home in Oklahoma City, where another unknown person would pick it up, was particularly implausible. The jury could infer guilty knowledge from the inconsistent and implausible stories Muniz offered. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998); *see also United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999). Moreover, the fact that Muniz drove a van carrying 94.4 pounds of marijuana is additional evidence of guilty knowledge because, as Agent Dowell testified, it is uncommon for drug dealers to entrust large quantities of drugs to be transported without a person's knowledge. *See Ramos-Garcia*, 184 F.3d at 465.

Muniz concedes that he offered inconsistent statements to investigating officers and that he instructed Billicana to claim ownership of the tile, but he asserts that these facts are equally if not more consistent with innocence. His argument is, in essence, a challenge to the jury's credibility determination, which this court will not revisit. *See United States v. Inocencio*, 40 F.3d 716, 724 (5th Cir. 1994). The district court's judgment is AFFIRMED.