# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2007

Charles R. Fulbruge III
Clerk

No. 06-51553
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCO ANTONIO MALDONADO-MORALES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-736-ALL

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Maldonado-Morales (Maldonado) appeals his convictions and sentences for possession with intent to distribute and importation of cocaine and methamphetamine.

Maldonado challenges the sufficiency of the evidence supporting a finding of guilty knowledge. As Maldonado made a timely Rule 29 motion for acquittal, review is under a "rational jury" standard. United States v. Ortega Reyna,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

148 F.3d 540, 543 (5th Cir. 1998). Because the drugs were concealed, knowledge cannot be inferred solely from Maldonado's control of the vehicle in which the drugs were found; additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge is required. See id. at 543-44.

There was sufficient circumstantial evidence of Maldonado's guilty knowledge. Officers at the inspection station noted that Maldonado was nervous, was sweating, avoided eye contact, and failed to answer a question. Although nervousness can be a normal reaction to circumstances which one does not understand, see United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990), Maldonado testified that he made frequent trips across the border and was usually subjected to secondary inspection. Maldonado gave differing accounts of who owned the vehicle he was driving, mentioning both a sister-in-law and a brother-in-law to the officers. At trial, he provided implausible testimony regarding his relationship with the vehicle's owner, the owner's sister, and his inability to provide any contact information for them. In addition, he testified that he had not told the owner of the vehicle that he would be using the car or that he would be crossing the border that day, which the jury could have found to be implausible given the amount and value of the drugs in the car. Viewing the evidence in the light most favorable to the verdict, we conclude that a reasonable jury could have found that Maldonado knew he was transporting drugs. See United States v. Ramos-Garcia, 184 F.3d 463, 466 (defendant's nervousness, implausible story, and quantity of drugs supported jury finding of guilty knowledge).

AFFIRMED.