IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-40506
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SILVIA COVARRUBIAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-637

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Silvia Covarrubias was convicted of possession with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a), and was sentenced to 121 months of imprisonment. She challenges the sufficiency of the evidence to support her conviction, asserting the evidence was insufficient to prove she knew cocaine was in a hidden compartment in the automobile she was driving.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government presented ample circumstantial evidence, in addition to Covarrubias' control of the vehicle in which the drugs were found, from which the jury could reasonably infer her guilty knowledge. She exhibited nervousness, both when the drug-detecting canine alerted to her vehicle in secondary inspection and during questioning by an Agent. Testimony established the hidden compartment required highly-skilled and extensive labor; it further established the work was recent, and the cocaine had been freshly packaged, with no sign it had been in the engine for a long period of time. In that regard, Covarrubias admitted the vehicle had been in her exclusive control for the preceding three months, and she provided no explanation for the drugs being in her vehicle. Instead, she offered an improbable story regarding the vehicle's purchase and registration. Likewise, she gave Agents inconsistent statements regarding her purchase of the vehicle and where she was going on the date of her arrest; the latter statements were further contradicted by her alibi witness both prior to, and during, trial.

These factors were sufficient for a reasonable juror to find guilty knowledge beyond a reasonable doubt. See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998); see also United States v. Diaz-Carreon, 915 F.2d 951, 954-55 (5th Cir. 1990) ("Perhaps the strongest evidence of a criminal defendant's guilty knowledge is inconsistent statements to federal officials."). Additionally, the substantial quantity and value of the cocaine found provides further support for the jury's verdict. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003); United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir. 1999).

AFFIRMED.