IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-41073
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIZABETH CRISTINA ALVAREZ-GALLARDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1479-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Elizabeth Christina Alvarez-Gallardo (Alvarez) appeals her convictions, following a jury trial, for conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine, possession with intent to distribute in excess of 5 kilograms of cocaine, and the importation of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 952(a), 960(b)(1)(B), and 18 U.S.C. § 2. Alvarez argues that the evidence was not sufficient to support her convictions. She specifically argues that the Government failed to carry its burden of presenting

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence showing that she had knowledge of the cocaine that was concealed in the back seat of the vehicle she was driving across the border.

Because Alvarez preserved her sufficiency argument, we review to determine if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). "Ordinarily, knowledge of the existence of drugs may be inferred from control over the location in which they are found. When the drugs are secreted in a hidden compartment, however, we require additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." United States v. Moreno, 185 F.3d 465, 471 (5th Cir. 1999) (quotation marks omitted).

Alvarez's inconsistent statements given to the agents about the ownership of the vehicle and the purpose of her trip raised a plausible inference of guilty knowledge, as did her initial failure to produce the I-94 forms when requested to do so, in order to avoid a delay and inspection. Cf. United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir. 1999); United States v. Diaz-Carreon, 915 F.2d 951, 954-55 (5th Cir. 1990). Further, the jury reasonably could have found Alvarez's assertion that a stranger approached her and trusted her to pick up $30,000 in currency for him to be implausible. The jury also could have found it implausible that El Chivo would have allowed Alvarez to leave the country with $120,000 worth of cocaine if she were unaware of the presence of the drugs. See United States v. Villareal, 324 F.3d 319, 324 (5th Cir. 2003). In summary, there was sufficient additional circumstantial evidence to support a finding of Alvarez's guilty knowledge.

For the foregoing reasons, Alvarez's convictions are AFFIRMED.