# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2010

No. 09-50991
c/w No. 09-50992
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT VINCENT TRAUTMAN,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2623-1
USDC No. 3:08-CR-2967-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Vincent Trautman appeals his jury trial convictions for conspiracy to import marijuana, importation of marijuana, and possession of marijuana with intent to distribute and the concomitant revocation of supervise release related to a prior conviction for importation of marijuana. Trautman argues that the evidence was insufficient to support his convictions because there was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient evidence showing that he knew there was marijuana in the van he brought into the United States. He maintains that the revocation of his supervised release, based upon his new convictions, was erroneous because the evidence was insufficient to support his new convictions.

Trautman's motions for a judgment of acquittal at the close of the Government's case and at the close of the evidence preserved for review his challenge to the sufficiency of the evidence. *See United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000). Therefore, we will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The evidence, both direct and circumstantial, is viewed in the light most favorable to the jury's verdict. *See United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995).

The sole issue raised on appeal is Trautman's knowledge of the drugs, an element necessary for each of his convictions. *See United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992); *United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999); *United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993). "Ordinarily, knowledge of the existence of drugs may be inferred from control over the location in which they are found. When the drugs are secreted in a hidden compartment, however, we require additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *Moreno*, 185 F.3d at 471 (internal quotation marks and citation omitted).

Construing the evidence in the light most favorable to the verdict, the evidence showed that Trautman initially told Officer Susanna Flores that he was entering the United States to visit his daughter, a story inconsistent with his later claim that he was traveling to the United States to give the van to Roberto Alvarez. Furthermore, Trautman's claim that he did not know that there was marijuana in the van even though he was supposed to drive the van into the

2

United States and then give it to Alvarez, a man he had never met, was implausible at best. Additionally, Trautman acted nervously and did not make eye contact during the initial inspection of the van by Officer Flores. While there was no evidence presented showing that Trautman had possession of the van for a long period of time, the testimony of Officer Lynn Santiago indicated that the alteration to the interior roof of the van was obvious even if one was in the van for a short period of time. Finally, it was reasonable for the jury to infer that Trautman would not have been entrusted to possess the 104 pounds of marijuana in the van unless he was involved in the drug smuggling conspiracy. *See United States v. White*, 219 F.3d 442, 447-48 (5th Cir. 2000). Although Trautman argues that there are innocent explanations for each of these factors individually, the totality of the evidence was more than sufficient for the jury to infer that Trautman knew that the marijuana was in the van. *See United States v. Ramos-Garcia*, 184 F.3d 463, 466-67 (5th Cir. 1999). Accordingly, Trautman has not shown that the evidence was insufficient to support his convictions. *See id.* As Trautman has not shown that his new convictions were invalid, he has not shown that the district court abused its discretion by revoking his supervised release. *See United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir. 2005).

AFFIRMED.