# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

No. 11-40063
Summary Calendar

December 6, 2011

**Lyle W. Cayce**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL PEREZ-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-613-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Saul Perez-Lopez (Perez) was convicted by a jury of possession with intent to distribute 982 kilograms of marijuana, and was sentenced to 97 months of imprisonment and five years of supervised release.

Perez argues on appeal that the evidence was insufficient to support his conviction because the Government did not prove beyond a reasonable doubt that he knowingly possessed marijuana found hidden inside a load of watermelons being carried by his tractor-trailer at a border checkpoint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, the Government provided evidence of (1) the large gap in time from the time that the watermelons were loaded and the time that he was stopped at the checkpoint, which was only about an hour away; (2) his statement to a truck stop attendant after the watermelons were loaded that he did not have time to get his oil changed because he "had to leave for a load"; and (3) the loading and unloading process for the watermelons and the shippers' testimony that they would have reported any bundles of marijuana to the authorities. Perez contends that none of his activities were inherently suspicious and that the Government's inferences of guilty knowledge from this evidence was speculative and conjectural. However, the evidence is viewed in the light most favorable to the jury's verdict, and all credibility determinations are resolved in favor of the verdict. *See United States v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir. 1995). In light of this evidence, coupled with evidence of Perez's nervousness and the value of the marijuana seized, "*any* reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Martinez*, 975 F.2d 159, 160-61 (5th Cir. 1992); *see United States v. Ramos-Garcia*, 184 F.3d 463, 466 (5th Cir. 1999); *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990).

Perez also presents arguments that he concedes are foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), *cert. denied,* 130 S. Ct. 1920 (2010), which reaffirmed that knowledge of drug type and quantity is not an element of the offense under 21 U.S.C. § 841. As Perez concedes his arguments are foreclosed. *See id.*

AFFIRMED.