United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50486
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON VELADOR-RIVERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-02-CR-217-ALL
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ramon Velador-Rivera appeals from his convictions for importation of less than 50 kilograms of marijuana and of possession with intent to distribute less than 50 kilograms of marijuana. Velador was sentenced to 27 months' imprisonment and three-year terms of supervised release on each count, the terms to run concurrently.

Velador argues that the evidence was insufficient to support his convictions because it did not show that he knowingly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imported and possessed the marijuana found in the hidden compartments of the furniture that he was transporting.

In cases involving contraband found in hidden compartments in a vehicle, control over the vehicle by itself does not support an inference of guilty knowledge. United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990). There must be additional evidence indicating guilty knowledge. Id.

There was additional evidence to support an inference that Velador had knowledge that the marijuana was concealed in the furniture that he was transporting. Velador's conflicting statements made to agents about the ownership of the furniture and his implausible story that he agreed to carry furniture over the border for an unknown person, despite receiving warnings of the danger of doing so, was indicative of guilty knowledge. In light of the conflicting statements and implausible story, the large quantity of drugs being carried also supported an inference of guilt. See United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir. 1999). Further, Velador's statement following his arrest that his passengers knew nothing about the furniture was evidence that he was aware of the presence of the contraband.

Velador's intent to distribute the drugs he possessed could be inferred from the large quantity of drugs that he was transporting. See United States v. Kates, 174 F.3d 580, 582 (5th Cir. 1999).

When all the evidence is viewed in the light most favorable to the government, and with deference to all reasonable inferences drawn by the district court, there was substantial evidence to support the finding that Velador knowingly imported marijuana into the United States and that he possessed the marijuana with the intent to distribute it.  United States v. Ybarra, 70 F.3d 362, 364 (5th Cir. 1995); United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).

AFFIRMED.