United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR ABREGO-VILLARREAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1230-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Hector Abrego-Villareal (Abrego) of importation of, and possession with intent to distribute, more than five kilograms of cocaine. Abrego contends that the evidence was insufficient to prove he knew cocaine was concealed in the car he owned and was driving. The circumstantial evidence, viewed with its reasonable inferences in a light favorable to the verdict, supported the jury's conclusion that Abrego was aware of the concealed cocaine. See Jackson v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Virginia</u>, 443 U.S. 307, 319 (1979). The evidence included Abrego's false or inconsistent statements to law enforcement agents concerning his travel documents and travel history, recent alterations made to the car, the value of the concealed cocaine, and Abrego's assertions that he had not loaned anyone the car except for a "few minutes" at lunch time on an unspecified date. <u>See</u> <u>United State v. Ramos-Garcia</u>, 184 F.3d 463, 466 (5th Cir. 1999) (high value of contraband); <u>United States v. Ortega Reyna</u>, 148 F.3d 540, 544 (5th Cir. 1998) (other factors). Because the evidence was sufficient for a rational jury to infer Abrego's guilty knowledge, his conviction is affirmed.

Abrego contends that the district court abused its discretion by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is dismissed for lack of jurisdiction because it is not ripe for review. <u>See</u> <u>United States v. Riascos-Cuenu</u>, 428 F.3d 1100, 1101-02 (5th Cir. 2005).

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.