**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 18, 2013

Lyle W. Cayce
Clerk

No. 12-40665
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FIDEL ELFEGO BOYSO-GUTIERREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1066-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Fidel Elfego Boyso-Gutierrez appeals his conviction and sentence for possession with the intent to distribute more than 500 grams of methamphetamine. Boyso-Gutierrez argues that the evidence was insufficient to support his conviction. Specifically, he contends that the Government failed to establish that the substance tested by forensic chemist Paul Adams was the same substance found in Boyso-Gutierrez's bag. Therefore, he contends there was insufficient evidence to establish that the methamphetamine weighed more

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than 500 grams. Boyso-Gutierrez also argues that the Government failed to establish that he knowingly possessed the methamphetamine.

To prove possession with intent to distribute drugs, the Government must prove beyond a reasonable doubt: (1) knowledge, (2) possession, and (3) intent to distribute the controlled substance. *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002). Because the statutory sentencing range was based upon the amount of drugs, the quantity of drugs was required to be found by the jury beyond a reasonable doubt. *See* § 841(b)(1)(A); *United States v. Doggett*, 230 F.3d 160, 164-65 (5th Cir. 2000).

Because Boyso-Gutierrez did challenge the amount of the drugs when moving for a directed verdict, we limit review of the issue to the consideration of whether "the record is devoid of evidence pointing to guilt." *United States v. Herrera*, 313 F.3d 882, 884-85 (5th Cir. 2002) (internal quotation marks and citation omitted). In determining whether the record is devoid of evidence pointing to guilt, the evidence is viewed "in the light most favorable to the [G]overnment, giving the [G]overnment the benefit of all reasonable inferences and credibility choices." *United States v. Galvan*, 949 F.2d 777, 783 (5th Cir. 1991) (internal quotation marks and citation omitted).

The testimony of Agent Osburn shows that the methamphetamine was sealed and tagged. Agent Abbott testified that the methamphetamine was sent to the lab. Adams testified that, at the lab, he verified the seal was intact and that the paperwork matched prior to the analysis of the evidence. Therefore, the jury could reasonably infer from these testimonies that the methamphetamine tested by Adams was the same methamphetamine seized from Boyso-Gutierrez's bag that had been sealed, marked, and delivered to the lab. Adams's testimony that the weight of the methamphetamine was 3878 grams establishes that the drug weighed more than 500 grams. Accordingly, the record is not devoid of evidence that the methamphetamine seized weighed more than 500 grams. *See Herrera*, 313 F.3d at 884-85.

No. 12-40665

Because Boyso-Gutierrez challenged the element of knowing possession in his motion for a directed verdict, he preserved the issue for appellate review; therefore, this court reviews his challenge to the sufficiency of the evidence de novo. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009).

In reviewing the issue, we will uphold the jury's verdict if a rational trier of fact could conclude that "the element[] of the offense [was] established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted). We do "not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). The trier of fact is not "required to accept *any* alternative explanation." *United States v. Winkler*, 639 F.3d 692, 700 (5th Cir. 2011).

Guilty knowledge may be inferred from conflicting stories, obvious peculiarities indicating hidden compartments, and traveling with a large quantity of an illicit substance. *United States v. Martinez-Mercado*, 888 F.2d 1484, 1491 (5th Cir. 1989). This court has also recognized that a reasonable inference of guilty knowledge can be made when the cargo contains an extremely valuable amount of contraband. *United States v. Ramos-Garcia*, 184 F.3d 463, 465-66 (5th Cir. 1999).

Based on the inconsistent and implausible stories from Boyso-Gutierrez and his witnesses, the amount and value of the methamphetamine, and the obvious abnormality of the bag, a rational trier of fact could have found beyond a reasonable doubt that Boyso-Gutierrez knowingly possessed the methamphetamine. Viewed in the light most favorable to the Government, the evidence supports a finding of guilt. *See Percel*, 553 F.3d at 910.

Accordingly, the judgment of the district court is AFFIRMED.

3