# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50895
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT A. TRUJILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2724-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Robert A. Trujillo appeals his bench trial conviction for one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).  He contends that his first trial counsel was ineffective in (1) failing to meet with him and prepare for the hearing on his motion to suppress, (2) failing to provide him with the recording or transcript of his encounter with the Drug Enforcement Administration agent prior to the suppression hearing, (3) stipulating to the authenticity of the recording prior to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the suppression hearing, and (4) ignoring his assertion that the recording had been tampered with and failing to request that the original recording be examined by an audio forensics expert. Trujillo also contends that his second trial counsel was ineffective in (1) filing the motion for reconsideration of his motion to suppress after the bench trial and (2) ignoring his request to include the ineffective assistance of counsel claim against his first trial counsel in the motion for reconsideration. The record is not sufficiently developed to permit direct review of Trujillo's ineffective assistance of counsel claims. *See United States v. Kizzee*, 150 F.3d 497, 502-03 (5th Cir. 1998). Therefore, we decline to consider these claims without prejudice to Trujillo's right to raise them in a 28 U.S.C. § 2255 motion. *See id.* at 503.

Next, Trujillo contends that the district court erred when it ordered his second trial counsel to file a notice of appeal within two days of the sentencing hearing. He argues that by doing so, the district court divested itself of jurisdiction and deprived him of the opportunity to discuss his options with his new attorney and raise his ineffective assistance of counsel claim against his first trial counsel in a second motion for reconsideration of the motion to suppress. Because Trujillo did not object to the alleged error in the district court, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Even if we were to conclude that the district court's shortening of the time in which to file a notice of appeal was a clear or obvious error, Trujillo has failed to show that the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The record reflects that Trujillo wanted to appeal his conviction. Although he also wanted to file a second motion for reconsideration of the motion to suppress based on his first trial counsel's alleged ineffective assistance, the Supreme Court has emphasized that a § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Thus, there is

no indication that the district court would have considered such a claim in a post-judgment motion, and Trujillo has failed to show plain error. *See Puckett*, 556 U.S. at 135.

Finally, Trujillo contends that the evidence was insufficient to sustain his conviction. He does not dispute that he possessed 4,015 grams of cocaine and that this quantity of cocaine was consistent with an intent to distribute. Instead, Trujillo argues that the parties' stipulation did not contain any facts from which the district court could find beyond a reasonable doubt that he knowingly possessed cocaine. When a defendant challenges the sufficiency of the evidence to sustain his conviction following a bench trial, we review the district court's finding of guilt to determine whether it is supported by "any substantial evidence." *United States v. Ceballos-Torres*, 218 F.3d 409, 411 (5th Cir. 2000) (internal quotation marks and citation omitted).

To prove possession with intent to distribute cocaine, the Government must prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed cocaine (3) with the intent to distribute it. *See United States v. Shabazz*, 993 F.2d 431, 441 (5th Cir. 1993). When, as here, the indictment charges that a certain minimum quantity of drugs is involved in the offense, proof of that quantity is a fourth element of the offense. *See United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001). However, the Government is not required to prove that the defendant knowingly possessed the type of drug upon which his conviction was based; it is only required to establish that the defendant knowingly possessed some type of controlled substance. *United States v. Gamez-Gonzalez*, 319 F.3d 695, 699-700 (5th Cir. 2003); *see United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009) (affirming continued validity of *Gamez-Gonzalez*).

Considering the evidence as a whole and in the light most favorable to upholding the conviction, the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Trujillo knowingly possessed a

controlled substance.  *See United States v. Allen*, 587 F.3d 246, 256 (5th Cir. 2009); *Gamez-Gonzalez*, 319 F.3d at 699-700.  Trujillo was arrested on a bus at the El Paso Limousine terminal in El Paso, Texas.  He had a ticket to travel from El Paso to Denver, Colorado, in the name of John Baca.  Four bundles containing 4,015 net grams of cocaine were attached to his torso.  The bundles, while not in plain view, were strapped to Trujillo's torso with black tape. "Ordinarily, knowledge of the existence of drugs may be inferred from control over the location in which they are found." *United States v. Norman*, 415 F.3d 466, 471 (5th Cir. 2005) (internal quotation marks and citation omitted). Although Trujillo denies knowing that the bundles contained a controlled substance, we have recognized "that the circumstances of the defendant's involvement in the criminal offense may have been *so overwhelmingly suspicious* that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge." *United States v. Lara-Velasquez*, 919 F.2d 946, 952 (5th Cir. 1990) (emphasis in original).  The fact that Trujillo purchased the bus ticket under a false name also supports an inference that he knowingly possessed the cocaine.  *See United States v. Kloock*, 652 F.2d 492, 495 (5th Cir. 1981).  Finally, we have observed that guilty knowledge can be inferred when the defendant is found with a large quantity of drugs because someone oblivious to the presence of a highly valuable quantity of drugs would not likely be given the task of transporting it.  *See United States v. Ramos-Garcia*, 184 F.3d 463, 466 (5th Cir. 1999).  Accordingly, the district court's judgment is AFFIRMED.